IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RUTH L. MARTINEZ, et al.,<br>     Plaintiffs,<br><br>      v.<br><br>ESTATE OF FERNANDO LOPEZ,<br>     Defendants/Third-Party Plaintiffs,<br><br>      v.<br><br>CARIBBEAN AIRLINES SERV., INC., et al.,<br>     Third-Party Defendants. | CIVIL NO. 98-1552 (RLA) |
| MARIANA T. TERRITO, et al.,<br>     Plaintiffs,<br><br>      v.<br><br>CARIBBEAN AIRLINES SERV., INC., et al.,<br>     Defendants.<br><br>ESTATE OF FERNANDO LOPEZ,<br>     Defendants/Third-Party Plaintiffs,<br><br>      v.<br><br>THE CESSNA AIRCRAFT COMPANY, et al.,<br>     Third-Party Defendants. | CIVIL NO. 98-1583 (RLA) |

## ORDER DISMISSING "FIRST PARTY" CLAIMS ASSERTED IN THIRD-PARTY COMPLAINTS AGAINST CESSNA AND AVCO

The Court having reviewed the arguments presented by the parties agrees with petitioners' position that the "first party" claims seeking compensatory damages directly from the third-party defendants are both procedurally defective as well as time-barred.

CIVIL NO.  98-1552  (RLA)                                                    Page 2
CIVIL NO.  98-1583  (RLA)

Accordingly, Defendant The Cessna Aircraft Company's Motion to Dismiss... filed on August 10, 1999 (docket No. 40)[1] and Third-Party Defendant Avco Corp.'s Motion to Dismiss... filed on August 13, 1999 (docket No. 42)[2] are hereby **GRANTED** as follows.

### CESSNA

Counts **V** and **VII** of the third-party complaint filed by the ESTATE OF FERNANDO LOPEZ and his son in Civ. No. **98-1552** on June 8, 1999 (docket No. 28) and Counts **II** and **III** of the third-party complaint filed by the ESTATE OF FERNANDO LOPEZ and his son in Civ. No. **98-1583** on June 24, 1999 (docket No. 32) are hereby **DISMISSED** insofar as they relate to **CESSNA AIRCRAFT CO.**

Partial Judgment shall be entered accordingly.

It is further ORDERED that the indemnification claims asserted against **CESSNA AIRCRAFT CO.** in Count **IV** the aforementioned third-party complaint filed in Civ. No. **98-1552** and Count I of the aforementioned third-party complaint filed in Civ. No. **98-1583** remain outstanding.

---

[1] All docket numbers pertain to Civ. No. 98-1552.

[2] See Defendant and Third-party Plaintiff the Estate of Fernando Lopez's Opposition... filed on August 20, 1999 (docket No. **43**). Cessna Aircraft's Motion for Leave to File Reply, filed on August 25, 1999 (docket No. **44**) and Motion Joining Cessna Aircraft's Reply... filed by AVCO CORP. on August 31, 1999 are **GRANTED**.

AO 72
(Rev 8/82)

CIVIL NO. 98-1552 (RLA)  
CIVIL NO. 98-1583 (RLA)  
Page 3

---

It is further ORDERED that unless third-party plaintiffs properly serve CESSNA AIRCRAFT CO. with all pertinent pleadings **and** submit evidence thereof **on or before September 30, 1999,** the claims asserted against it will be dismissed for lack of prosecution.

### AVCO/LYCOMING

Counts **V** and **VII** of the third-party complaint filed by the ESTATE OF FERNANDO LOPEZ and his son in Civ. No. **98-1552** on June 8, 1999 (docket No. 28) and Counts **II** and **III** of the third-party complaint filed by the ESTATE OF FERNANDO LOPEZ and his son in Civ. No. **98-1583** on June 24, 1999 (docket No. 32) are hereby **DISMISSED** insofar as they relate to **AVCO CORP. incorrectly named as LYCOMING ENGINE CO., LYCOMING ENGINE CORP. and LYCOMING TEXTRON CORP.**

Partial Judgment shall be entered accordingly.

It is further ORDERED that the indemnification claims asserted against **AVCO CORP. incorrectly named as LYCOMING ENGINE CO., LYCOMING ENGINE CORP. and LYCOMING TEXTRON CORP.** in Count **IV** the aforementioned third-party complaint filed in Civ. No. **98-1552** and Count **I** of the aforementioned third-party complaint filed in Civ. No. **98-1583** remain outstanding.

It is further ORDERED that unless third-party plaintiffs properly serve **AVCO CORP. incorrectly named as LYCOMING ENGINE CO., LYCOMING ENGINE CORP. and LYCOMING TEXTRON CORP.** with all pertinent

CIVIL NO. 98-1552 (RLA)          Page 4
CIVIL NO. 98-1583 (RLA)

---

pleadings **and** submit evidence thereof **on or before September 30, 1999** the claims asserted against it will be dismissed for lack of prosecution.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 7th day of September, 1999.

_____
RAYMOND L. ACOSTA
United States District Judge